# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MELISSA LOVEDAY**  
individually and on behalf of a class  
of similarly situated persons,

Case No. 18-12405

        Plaintiff,

v.

**ACCOUNT CONTROL TECHNOLOGY,**  
**INC., and DOE-1**

**CLASS ACTION**

        Defendants.

**TRIAL BY JURY DEMANDED**

## COMPLAINT

## INTRODUCTION

1. Plaintiff Melissa Loveday, ("Plaintiff"), individually and on behalf of a class defined herein brings this action against Defendant ADVANCED CONTROL TECHNOLOGY, INC. ("ACT") and DOE-1, for violating the Fair Debt Collection Practices Act, and mirror state law, in attempting to collect a time barred debt, using a form letter, (Exhibit A), without informing the debtor that they cannot be sued on the debt because of the age of the debt. *See Buchanan v. Northland Group,* 776 F.3d 393 (6th Cir. 2015); *see also Pantoja v. Portfolio Recovery Assoc. LLC,* 852 F.3d 679, 681 (7th Cir. 2017) *cert denied* 2018 U.S. LEXIS 715 (U.S. Jan. 16, 2018) (affirming that the defendant's collection letter violated FDCPA § 1692e in that, "(a) it did not tell the consumer that the defendant could not sue on this time-

bared debt and (b) it did not tell the consumer that if she made, or even just agreed to make, a partial payment on the debt, he could restart the clock on the long-expired statute of limitations, in effect bringing a long-dead debt back to life.")

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k(d) (FDCPA). This Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 as the conduct complained of arises out of a common nucleus of operative facts, *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), and having only one jury decide the same factual issues, "'best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.'" *See City of Chicago v. International College of Surgeons* 522 U.S. 156, 172-73 (1997) (*quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).

3. Venue and personal jurisdiction over Defendant in this District is proper because:

    a. Plaintiff resides in the District; and

    b. Defendant's conduct at issue was directed to Plaintiff who was within the District.

## PARTIES

4. Plaintiff is a natural person who resides within the District.

5. ACT is a corporation incorporated under the laws of California, and is registered in the State of Michigan as a Collection Agency, License Number 2401001957.

6. ACT is not a "creditor" as defined by 15 U.S.C. § 1692a(4).

7. ACT is a "debt collector" as defined by 15 U.S.C. § 1692a(6) in regard to Plaintiff and the putative class as they use any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

8. DOE-1, in any sister or parent company of ACT that was likewise involved in the attempted collection, or is involved in setting ACT's policies, practices and procedures, or controls directly or indirectly the acts of ACT in relation to the attempted collection of the subject debt from Plaintiff.

**FACTS**

9. In 2000, ITT Educational Services, Inc., aka, ITT Tech (a for profit college), in order to line the pockets of shareholders, began a program to increase profits at the expense of vulnerable individuals with promises of job placement and increased wages.

10. ITT Tech instituted a program called the College Advantage Loan Program whereby ITT Tech partnered with Bank One and USA Group (later

acquired by Sallie Mae now known as Navient) to offer high interest private student loans to prospective students.

11. ITT Tech cooked up the College Advantage Loan Program scheme to make it appear on paper that ITT Tech was receiving less money from federally backed student loans to circumvent the 90/10 rule see 34 C.F.R. § 668.28.

12. ITT Tech would coerce or force students to apply for and receive private student loans that ITT Tech controlled and backed by withholding course materials, transcripts and in some cases threatening expulsion. (CFPB v ITT Educational Services, Inc., 1:14-cv-292 Southern District of Indiana).

13. Unbeknownst to Plaintiff she entered into multiple loans of this type, believing she was only applying for regular federal student loans, not these private loans.

14. The ITT Tech scam worked to cover the gap for ITT Tech's grossly inflated tuition between the amount federal student loan aid would pay and the actual cost of tuition (*CFPB v ITT Educational Services, Inc.*, 1:14-cv-292 Southern District of Indiana).

15. On February 26, 2014 the Consumer Financial Protection Bureau brought suit against ITT Educational Service, Inc., due to its deceptive and predatory business practices and increasing student loan defaults.

16. Plaintiff was confused by this letter as at the time she was in a repayment program with Navient Credit Finance Corp for her federally backed student loans that were taken out to pay for her worthless ITT Tech education.

17. "[T]he passage of time not only dulls the consumer's memory of the circumstances and validity of the debt, but heightens the probability that she will no longer have personal records detailing the status of the debt." *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013) (*quoting Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987).

18. On September 7, 2016, ITT Tech filed for Chapter 7 Bankruptcy in the Southern District of Indiana.

19. No payments were ever made by Plaintiff on the College Advantage Loan Program Application and Promissory Note loans.

20. Plaintiff received the communication sent by ACT in an attempt to collect a debt. A redacted copy of the communication is attached hereto as Exhibit A.

21. In regard to each of the "Client Loan number(s)" listed in the subject letter no payment had been received.

22. Plaintiff was confused about her legal rights.

23. The statement that there are $525.00 in "Late Charges" is false as no "Late Charges" were ever applied to the subject debt.

## COUNT I - FDCPA

24. Plaintiff incorporates paragraphs 1-23 above.

25. 15 U.S.C § 1692e, in pertinent part, provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

26. Congress in enacting the FDCPA sought to protect consumers from among other acts, deceptive and unfair acts, and therefore the Act was not merely procedural, but substantive and of great importance.

27. The harm alleged here is precisely the type of misconduct that the Act was intended to protect and therefore an injury-in-fact exists here.

28. The debt identified in Exhibit A was beyond the Michigan statute of limitations before the date of the letter, yet the subject communication is a purported "**Settlement Agreement**."

29. This quoted statement above is pure trickery to deceive the unsophisticated consumer that they need to take further action in regard to the debt, when in fact because the statute of limitations has run, the unsophisticated consumer need not do anything. Such is a violation of the FDCPA. *See Pantoja*,

852 F.3d at 685 ("we believe the FDCPA prohibits a debt collector from luring debtors away from the shelter of the statute of limitations without providing an unambiguous warning that an unsophisticated consumer would understand.")

30. "Paying anything less that the settlement offer exposes a debtor to a substantial risk," *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1021 (7th Cir. 2014)), as "if he makes a partial payment or even just a promise to make a partial payment, he risks loss of the otherwise iron clad protection of the statute of limitations." *Pantoja*, 852 F.3d at 683.

31. "[F]ailing to disclose . . . that partial payment would remove the statute of limitations bar" violated the FDCPA. *Pantoja*, 852 F.3d at 683 (*citing Buchanan,* 776 F.3d at 397.

32. Plaintiff has the legal substantive right to having disclosed to her that she could not be sued on the debt due to age of debt.

33. Plaintiff has the legal substantive right to having disclosed to her that a payment on the debt less than the full amount of the settlement offer would restart the statute of limitations.

34. Defendants' conduct related to the subject collection letter, Exhibit A, violated 15 U.S.C §§ 1692e and e(10).

35. In investigating and responding to the subject collection letter Exhibit A, Plaintiff expended personal time as well as the costs associated with seeking legal advice and counsel.

**CLASS ALLEGATIONS**

36. A complaint need not define the class rather, "the obligation to define the class falls on the judge's shoulders" who may ask the parties' assistance. *Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015) (*citing* Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 23(c)(1); *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 20011).

37. Pursuant to Rule 23 class definitions may be modified by the Court or by Plaintiff prior to the entry of a judgment in this matter.

38. <u>Statute of Limitations Class</u>: Plaintiff brings this class on behalf of all persons with a Michigan address, whom within one year of the filing of this Complaint received a communication from ACT attempting to collect a debt in which the last date of payment or date of default was more than six years prior to the sending of the communication, that did not disclosing that the consumer could not be sued on the debt, and/or that did not disclose that a payment on the debt would restart the statute of limitations. Excluded from the class are persons whom Defendants attempted to collect a federally backed student loan.

39. <u>False Late Charges Class</u>**:** Plaintiff brings this class on behalf of all persons with a Michigan address, whom within one year of the filing of this Complaint received a communication from ACT attempting to collect "Late Charges" where the original creditor's records do not show any late charges being assessed on the debt.

40. On information and belief, given the volume debt collection business ACT is engaged in, there are more than 40 persons in each of the proposed class definitions above.

40. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.

41. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained legal counsel experienced in handling class actions brought under the FDCPA.

39. A class action is an appropriate method for the fair and efficient adjudication of this controversy.

**WHEREFORE,** Plaintiff requests this Honorable Court to enter judgment for Plaintiff and a class and against Defendants for:

    A. Statutory and actual damages; and

    B. Attorney's fees and costs.

### COUNT II – STATE LAW CLAIMS

40. Plaintiff incorporates paragraphs 1-23 above.

41. Defendants' conduct violated MCL 339.915a , MCL 339.915e, 445.252(a), 445.252(e).

## CLASS ALLEGATIONS

42. <u>Statute of Limitations Class</u>: Plaintiff brings this class on behalf of all persons with a Michigan address, whom within six years of the filing of this Complaint received a communication from ACT attempting to collect a debt in which the last date of payment or date of default was more than six years prior to the sending of the communication, that did not disclosing that the consumer could not be sued on the debt, and/or that did not disclose that a payment on the debt would restart the statute of limitations. Excluded from the class are persons whom Defendants attempted to collect a federally backed student loan.

43. <u>False Late Charges Class</u>**:** Plaintiff brings this class on behalf of all persons with a Michigan address, whom within six years of the filing of this Complaint received a communication from ACT attempting to collect "Late Charges" where the original creditor's records do not show any late charges being assessed on the debt.

44. On information and belief, given the volume debt collection business ACT is engaged in, there are more than 40 persons in each of the proposed class definitions above.

45. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.

46. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained legal counsel experienced in handling class actions brought under the FDCPA.

47. A class action is an appropriate method for the fair and efficient adjudication of this controversy.

**WHEREFORE,** Plaintiff requests this Honorable Court to enter judgment for Plaintiff individually and against Defendant for:

    A.    Statutory damages, trebled if a willful finding is made; and

    B.    Attorney's fees and costs.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner (P59915)
WARNER LAW FIRM, LLC
350 S. Northwest HWY, Ste. 300
(847) 701-5290 (TEL)
cwarner@warner.legal

John A. Evancek (P66157)
KELLEY & EVANCHECK PC
43695 Michigan Ave.
Canton, MI 48188
(734) 397-4540 (TEL)
john@kelawpc.com

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner (P59915)
WARNER LAW FIRM, LLC
350 S. Northwest HWY, Ste. 300
(847) 701-5290 (TEL)
cwarner@warner.legal

John A. Evancek (P66157)
KELLEY & EVANCHECK PC
43695 Michigan Ave.
Canton, MI 48188
(734) 397-4540 (TEL)
john@kelawpc.com